Josephine **COLOMBE**

v.

**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Madison, Wisconsin, a Stock Insurance Company, and American Family Mutual Insurance Company, Madison, Wisconsin.**

Civ. No. 71–45W.

United States District Court,
D. South Dakota.

May 29, 1973.

Ronald E. Clabaugh, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S. D., for plaintiff.

Franklin J. Wallahan, Hanley, Wallahan, Driscoll & Murray, Rapid City, S. D., for defendant.

## MEMORANDUM DECISION

BOGUE, District Judge.

The stipulation of facts entered into by the attorneys for the respective parties shows the following:

On October 21, 1970, the American Standard Insurance Company of Wisconsin issued to one Jeffrey Devine, an automobile liability insurance policy, No. 90–006476, covering a 1952 Ford panel truck. That policy contained, in part, the following provisions:

A. The Company shall pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: Coverage A—bodily injury caused by accident and arising out of the ownership, maintenance, or use of the automobile;

B. "Automobile", except where stated to the contrary, means:

1. Described automobile—the motor vehicle or trailer described in this policy . . .

2. Temporary substitute automobile—under coverages A, B & C, an automobile not owned, jointly or severally, by the named insured, his spouse, or a resident of the household of either, while temporarily used with its owner's permission as a substitute for the described automobile while such described automobile is withdrawn from use for servicing or repair or because of its breakdown, loss or destruction.

C. If the named insured is an individual or husband and wife, and if during the policy period such named insured, or the spouse of such individual, is a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B & C, with respect to said automobile applies with respect to any other private passenger automobile subject to the following provisions . . .:

c. This insuring agreement does not apply . . . to any automobile owned by or hired, furnished or available for the regular use of such-named insured, spouse or

any resident of the same household.

Prior to April 29, 1967, Ardis Devine, the mother of Jeffrey Devine, was issued an automobile liability insurance policy by American Family Mutual Insurance Company, Policy No. 40–021465, covering a 1967 Dodge four-door sedan. Because Jeffrey Devine had, on April 29, 1967, been involved in an accident with this 1967 Dodge four-door sedan, the American Family Mutual Insurance Company notified Ardis Devine that the company would decline to extend insurance to Ardis Devine under that policy unless she would execute and deliver to the company a "named-driver exclusion endorsement" whereby she agreed that none of the coverages under the policy would apply to her automobile while operated by Jeffrey Devine, so long as Policy No. 40–021465 was in effect. Such an endorsement was executed and delivered to the American Family Mutual Insurance Company by Ardis Devine and was a part of Ardis Devine's policy on the date of the accident here in question.

Prior to November 14, 1970, Jeffrey Devine, notwithstanding the named-driver exclusion endorsement on Ardis Devine's policy, had been given permission by Ardis Devine to drive her 1967 Dodge sedan approximately six to ten times. However, he never drove the 1967 Dodge for his own personal use or pleasure. The only occasions he drove the 1967 Dodge prior to November 14, 1970, were when he drove the automobile from the front of their residence around the block on a public street to the back yard in order to wash the car. On these occasions, when he washed the car, he did it either at his mother's request or after having asked her permission.

On November 14, 1970, Ardis Devine was sick. Jeffrey Devine's panel truck did not start on that date. Ardis Devine asked her son Jeffrey to drive her 1967 Dodge on an errand for her to obtain a part for Mr. Devine's 1962 Dodge. While driving his mother's 1967 Dodge, he collided at the intersection of East Denver and Herman Street in Rapid City, South Dakota, with an automobile driven by Josephine Colombe, the Plaintiff in this action.

On February 4, 1971, Josephine Colombe commenced an action in state court against Jeffrey Devine for injuries received by her arising out of the automobile accident which occurred on November 14, 1970. American Standard Insurance Company refused a tender of defense claiming that its policy on Jeffrey Devine afforded no coverage to Jeffrey Devine for the accident in question. On May 12, 1971, a judgment was entered in the action by Honorable Thomas Parker, Judge of the Circuit Court, State of South Dakota, in favor of the Plaintiff Josephine Colombe in the amount of $36,028.08.

On July 30, 1971, after Plaintiff's insurer, State Farm Mutual Insurance Company, had paid to Plaintiff the maximum of its policy limits under the uninsured motorist provisions of its policy, Lyle Devine, Ardis Devine and Jeffrey Devine assigned to Josephine Colombe any and all rights which they may have against American Standard Insurance Company and American Family Mutual Insurance Company.

Subsequently, Plaintiff brought this action on August 23, 1971. Defendant has now moved for summary judgment. For the following reasons, Defendant's Motion will be granted.

Since the parties have entered into a lengthy stipulation of facts, agreeing that there is no genuine issue as to any material fact, the questions to be decided are ones purely of law. Those issues are: (1) Did American Family Mutual Insurance Company Policy No. 40–021465 issued to Ardis Devine and covering a 1967 Dodge four-door sedan, provide liability coverage to Jeffrey Devine, when he was operating that automobile? (2) Did American Standard Insurance Company Policy No. 90–006476, issued to Jeffrey Devine and covering a 1952 Ford panel truck, provide liability coverage to Jeffrey Devine when driving his mother's 1967 Dodge four-door sedan?

Plaintiff apparently does not seriously contend that Ardis Devine's policy, standing alone, afforded coverage in this case, since the thrust of the argument and brief submitted are directed toward the second issue. In this regard, suffice it to say that, since an insurance policy is merely a contract, the parties are free to negotiate its terms and the final terms are enforceable as against either party, unless contrary to public policy. The stipulated facts are abundantly clear that Ardis Devine executed the "named-driver exclusion endorsement" both with full knowledge of its contents and with the understanding that she would be agreeing to exclude Jeffrey Devine from coverage. Under such circumstances, American Family Mutual Insurance Company is entitled to summary judgment.

With respect to the second issue, that is, whether Jeffrey Devine's policy afforded coverage while he was driving his mother's automobile, the policy provides that coverage is not extended "to any automobile owned by or hired, furnished or available for the regular use of such named insured, spouse or any resident of the same household." A literal reading of this provision means that coverage would not be extended to any automobile (other than the one covered by the policy) *owned* by Jeffrey Devine, or *owned* by any resident of his household. Nor would coverage be afforded to any automobile which was "furnished or available for the regular use" of Jeffrey Devine or any resident of his household. Since Ardis Devine was the *owner* of the automobile involved in the accident, and since the parties have stipulated that Lyle Devine, Ardis Devine and Jeffrey Devine were all "residents of the same household," it follows that the literal wording of the policy does not provide coverage.

Plaintiff, however, advances the contention that, since both Ardis and Jeffrey Devine were paying automobile liability premiums in effect to the same company, the defendants were not being deprived of any premiums for the additional risks created. Citing American Casualty Company v. Lattanzio, 78 N.J. Super. 404, 188 A.2d 637 (1963). Plaintiff contends that the intent of the exclusion pertaining to residents of the same household is to prevent a situation where family members use a number of automobiles interchangeably with only one being insured. However, since both automobiles in question were insured by parent and subsidiary companies, Plaintiff argues that the exclusionary clause should have no application.

Continental Casualty Company v. Suttenfield, 236 F.2d 433 (5th Circuit 1956), Plaintiff claims, is directly analogous to this case. In that case, one James E. Suttenfield owned an automobile which was insured by Travelers Indemnity Company. Mr. Suttenfield, who worked for Columbus Fiber Mills, Inc. as a salesman, was also a named-insured in a liability policy issued by Travelers to Suttenfield, Columbus Fiber Mills and Robertson Auto Rentals & Leases, and covering an automobile leased from Robertson Auto Rentals by Columbus Fiber Mills for the use of the company's salesmen. However, the leased automobile was used almost exclusively by Mr. Suttenfield. Both policies issued by Travelers contained the following exclusionary clause:

"(b) This insuring agreement does not apply:

(1) To any automobile owned by, hired as a part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse."

On the date of the accident which occasioned the lawsuit, Suttenfield was driving a leased automobile from Hertz

Stations, Inc., which was insured by Continental Casualty Company. Travelers Indemnity Company claimed that the exclusionary clauses in its policies exempted it from liability and that Continental was solely accountable.

The Court of Appeals held: (1) As to the policy issued by Travelers covering the Robertson Auto Rental car, since Suttenfield was a named-insured, but not "an individual who owned the automobile," the policy did not insure against liability arising from the accident. (2) As to the policy issued by Travelers covering Suttenfield's personal automobile, the Court held that such policy would provide coverage unless the Hertz car was an " 'automobile owned by, hired as a part of a frequent use of hired automobile by, or furnished for regular use to the named insured.' " Since the Hertz car was neither owned by Suttenfield or furnished to him for his regular use, the Court limited the question to whether it was an automobile hired as a part of frequent use of hired automobiles. Travelers contended and the District Court held, that the use by Suttenfield of the Robertson leased car had to be considered in determining the issue. The Court of Appeals disagreed since "it would indeed be an ironic anomaly to permit Travelers, which had collected a premium for insuring Suttenfield, among others, against liability in the use of the Robertson car, to rely upon that use to escape the liability under the Suttenfield policy which it would otherwise unquestionably have."

The *Suttenfield* case is clearly distinguishable from this case. In the first place, Mr. Suttenfield was a *named* insured under both policies, unlike Jeffrey Devine who was insured only by American Standard Insurance Company, and indeed was not only unnamed in his mother's policy, but was specifically excluded. Second, the same insurance company, Travelers Indemnity Company, insured Mr. Suttenfield under both policies with identical policy limits. Although Plaintiff argues that American Family Mutual Insurance Company and American Standard Insurance Company are in effect the same company, this Court is disposed to hold otherwise. For, while they are indeed parent and a subsidiary, as with many insurance companies, the parent company is probably a preferred risk company, while the subsidiary is a secondary risk company. Consequently, the risk that the parent is willing to assume for a correspondingly lower premium is generally less than that of the subsidiary for a correspondingly higher premium. Plaintiff, however, would offset total risk with total premiums paid to substantiate her position. Such reasoning, however, would permit an indirect recovery, and one which was not contemplated by the parties when entering into their separate contracts of insurance. Presumably under its standards of insurability, American Family Mutual Insurance Company issued to Ardis Devine a liability insurance policy in return for a premium which corresponded to the risk assumed by the company. Such risk did not contemplate Jeffrey Devine using the automobile, in view of the named-driver exclusion endorsement. Likewise, Jeffrey Devine was issued a policy in return for a premium that corresponded to the risk that the company had to assume while Jeffrey Devine was driving his 1952 Ford panel truck. That risk did not contemplate Jeffrey Devine using his mother's automobile, and his policy specifically excluded such a risk.

Could it candidly be argued that had Ardis Devine been insured by an unrelated insurance company whose policy contained a "named driver exclusion endorsement" excluding Jeffrey Devine from coverage, that nevertheless Jeffrey Devine could recover under his own policy, even though his policy specifically excluded coverage for an automobile owned by a resident of the same household? Obviously not, in view of cases such as Letoff v. Maryland Casualty Company, 91 So.2d 123 (La.App.1957),

and Simon v. Milwaukee Automobile Mutual Insurance Company, 262 Minn. 378, 115 N.W.2d 40 (1962).

■ Plaintiff further argues that the exclusionary clause is ambiguous and therefore should be construed in favor of the insured. Notwithstanding a few decisions to the contrary, the majority of decisions construing an exclusionary clause such as this have held that it is not ambiguous. *See, e. g.* Leteff v. Maryland Casualty Co., *supra*; Simon v. Milwaukee Automobile Mutual Insurance Co., *supra*. These decisions find support in a plain reading of the clause; therefore, this Court finds no merit in this contention.

■ Finally, Plaintiff argues that American Family Mutual Insurance Company waived or is estopped from asserting the "named-driver exclusion endorsement," by the issuance to Jeffrey Devine of a policy by American Standard Insurance Company. Again, Plaintiff attempts to do indirectly that which cannot be done directly. It is fundamental that an insurer cannot waive an excepted risk, since there is no consideration given for such an alteration to the contract. And the consideration is not given by paying a premium on another policy. Waiver is contractual in nature and requires consent by the insurer. It is the intentional relinquishment of a known right under the contract. To hold that the issuance of a different policy to a different individual by a different company waives an excluded coverage provision of another policy would be stretching the law of insurance beyond its tensil strength. With respect to the claim of estoppel, suffice it to say that such a claim is not available to a coverage provision in an insurance contract, since to allow such a claim would be to authorize this Court to rewrite the contract.

Defendant's motions for summary judgment are granted. Defendant's counsel will prepare the necessary order.